UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                Case No. 17-mc-50633

v.                                     Honorable Thomas L. Ludington

ROBERT L. SAMP,

        Defendant.

_____/

**ORDER GRANTING IN PART MOTION FOR RETURN OF PROPERTY**

On April 14, 2016, Defendant Robert L. Samp was indicted on one count of willfully failing to prepare and file an income tax return and two counts of willfully evading taxes. Case No. 16-cr-20263, ECF No. 1. On August 10, 2016, the Court granted Samp's motion to substitute retained attorneys for his appointed counsel. On the same day, the Government issued a superseding indictment which charged Samp with the additional offense of possessing a firearm while being an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3). ECF No. 20. On February 22, 2017, a second superseding indictment was issued that adjusted Samp's alleged total tax liability. ECF No. 47. Before trial, Samp pleaded guilty to Count One, willful failure to file taxes for tax year 2009. At trial, Samp was acquitted of the remaining three counts. ECF No. 63. Sentencing on Count One is currently scheduled for August 3, 2017. ECF No. 64.

On May 3, 2017, Samp filed a motion seeking the return of property seized during the investigation in September 2010 that gave rise to his prosecution. Case No. 17-mc-50633, ECF No. 1. Relying upon Federal Rule of Criminal Procedure 41(g), Samp requests return of all property seized from him, except any property that is a controlled substance, contains a

controlled substance, or may reasonably be considered to contain a controlled substance. Samp specifically lists "books and records, cash, computers, phones, [and] firearms" as items he seeks the return of. *Id.* at 1.

On May 19, 2017, the Court issued an order addressing the arguments made by the parties and directing supplemental briefing. ECF No. 3. The Court explained that, because the property in question was seized from Samp's residence or other properties he owned, he had demonstrated a prima facie case of entitlement to return of the property. The Court further held that Samp's motion was not premature. Rather, when a motion for return of property is filed after trial but before sentencing, the district court must balance "the competing equities" to determine whether return of the property is in order. *United States v. Duncan*, 918 F.2d 647, 654 (6th Cir, 1990). The Court reasoned that the "Government has not provided any rationale for why the Government maintains a continuing interest in the property." Order. Dir. Supp. Br. at 4. Thus, the Court concluded that "the balancing of equities warrants return of the property." *Id.*

But the Court did not order return of the property because "a tax lien will frustrate a motion for return of the property." *United States v. Francis*, 646 F.2d 251, 263 (6th Cir. 1981). Samp has pleaded guilty to failure to file a tax return for 2009 and repeatedly conceded at trial that he did not pay taxes for the 2010 and 2011 tax years. Samp consistently told the jury that he intended to pay all his back taxes. Thus, the Court found that "it seems counterintuitive to return cash already in the federal government's possession." Order. Dir. Supp. Br. at 5. The parties were directed to brief "whether a tax lien sufficient to defeat the motion currently exists on Samp's property" and "whether any such tax lien frustrates the motion for return of property entirely, or only compels retention of the *cash* seized." *Id.* (emphasis in original).

**I.**

A summary of the investigation of Samp's home and property was provided in the Court's March 29, 2017, Opinion and Order. ECF No. 57. It will be adopted as if fully restated herein. For present purposes, it is sufficient to note that state investigators searched Samp's home and several "medical marijuana dispensaries" he operated on September 21 and 22, 2010. The investigators seized significant amounts of what appeared to be marijuana and marijuana-infused substances. Officers also seized cash, business and personal records, and a number of firearms. The records have been returned to Samp and he does not seek return of the controlled substances.

## II.

Pursuant to Federal Rule of Criminal Procedure 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." *Id.* "The general rule is that seized property, other than contraband, should be returned to the rightful owner after the criminal proceedings have terminated." *United States v. Francis*, 646 F.2d 251, 262 (6th Cir. 1981). "However, a defendant's right to the return of lawfully seized property is subject to any continuing interest the government has in the property." *United States v. Duncan*, 918 F.2d 647, 654 (6th Cir. 1990). That continuing interest can take the form of "a criminal or tax investigation in process." *Sovereign News Co. v. United States*, 690 F.2d 569, 577 (6th Cir. 1982). Importantly, a "tax lien will frustrate a motion for return of the property." *United States v. Francis*, 646 F.2d 251, 263 (6th Cir. 1981). That is because "even if the money were returned to [the defendant], nothing would prevent the government from immediately levying on it at the time of its return." *Id.*

## II.

In its first supplemental brief, the Government indicates that all of Samp's property has been or will be returned except: the cash seized, the (suspected) controlled substances, and the

firearms. Samp does not seek return of the controlled substances. Samp's request for the return of the cash and firearms will be addressed separately.

**1.**

According to the Government, approximately $7,000 in cash was seized from Samp. Samp's tax liability for the 2009, 2010, and 2011 tax years is currently undetermined. But the Government does assert that Samp is responsible for paying the taxable costs of prosecution related to Count One, which it estimates at approximately $1,000. The Government further notes that the Court has discretion to impose a fine of up to $100,000 on Samp at sentencing.

Samp, for his part, argues that the "government does not yet have a tax lien and is relying on 'the tax lien resulting from this case.'" Def. Supp. Br. at 3, ECF No. 7. He contends that the Government has no authority to "seize a person's property merely because it anticipates a tax lien some day." *Id.* Samp further contends that he "intends to pay his tax bill should the IRS make a tax assessment following the procedures provided by law." *Id.*

It is true that no tax lien currently exists. But the potential for a future tax lien is not theoretical. Samp has admitted, under oath in a federal trial, that he did not pay taxes for the years in question. He has pleaded guilty to failure to file a tax return for one of those years. Thus, while the precise amount of Samp's tax liability is yet undetermined, the existence of federal tax liability has been established. Rule 41(g) does not unconditionally compel the Court to return seized property (though the general rule is that seized property should be returned *after the criminal proceedings have terminated*). Rather, the Court must balance the competing equities to determine whether return is appropriate. In this circumstance it is not. Samp has admitted that he owes taxes, is responsible for the costs of prosecution related to Count One, and may be subject to a fine.

This is not to say that the Government is entitled to hold Samp's money indefinitely. In some circumstances (especially when dealing with a large amount of money), a presentencing return of property might be appropriate. But here, the criminal proceeding has not yet concluded and it is nearly a certainty that Samp's financial obligations to the federal government will exceed the amount of cash in the Government's possession. Return of the cash is thus premature. However, Samp's motion for the return of the seized cash cash will be denied without prejudice. If, after sentencing, Samp's financial obligations to the Government do not exceed the amount of money seized, the request will be reconsidered.

**2.**

The Government argues that the firearms seized from Samp (and his family members) cannot be returned for two reasons. First, the Government asserts that members of the Samp family have admitted to using marijuana regularly and thus, if the firearms were returned, those individuals would be in violation of 18 U.S.C. § 922(g)(3). Second, the Government argues that the firearms are evidence related to "a new investigation" into whether members of the Samp family perjured themselves during the trial. Gov. Supp. Br. at 4–5. Neither argument has merit.

First, return of the firearms would not necessarily place the Samp family in violation of 18 U.S.C. § 922(g)(3). Members of the Samp family did admit to regular marijuana use some months ago, but that may have changed since the trial. Even if it has not, Samp indicates that, upon the return of the firearms, he intends to "have a third party take possession" of them. That precaution would presumably ensure that members of the Samp family do not violate § 922(g)(3).[1] And even if a violation would occur, the Court has already explained that Congress

---

[1] The Government contends that this assertion strengthens its interest in retaining possession of the firearms. Specifically, the Government faults Samp for not providing "any assurance that the unspecified third person is someone who is not also a prohibited person or that the firearms will not be returned to Samp's possession while they persist in using marijuana." Gov. Supp. Reply Br. at 5. But the firearms are owned by the Samp family. The

has enjoined the Government from expending federal funds to prosecute violations of § 922(g)(3) when the marijuana usage is done in compliance with state law. *See United States v. Samp*, 16-cr-20263, Ord. Deny. Mot. Inj., ECF No. 57. Against this factual and legal background, the theoretical possibility of a § 922(g)(3) violation is insufficient to constitute a continuing interest in the firearms that would justify denial of the motion.

Second, the Government argues that the firearms are relevant evidence for an investigation into whether members of the Samp family perjured themselves at Robert Samp's trial. During the testimony at issue, Samp family members "denied that Robert Samp used marijuana prior to the execution of the state search warrants." The Government contends that the firearms are relevant because they could "help a jury understand the context in which the lies were spoken, the motivations of the people who lied, and the materiality of those lies." Gov. Supp. Reply Br. at 4, ECF No. 5. Upon scrutiny, this argument's lack of merit is clear.

The Government contends that Samp family members lied under oath about whether Robert Samp used marijuana prior to the searches of his home and businesses. The existence of firearms in the home is of minimal relevance to that inquiry. And even if a connection could be constructed, the Government has provided no rationale for why physical possession of the firearms continues to be necessary. The Government undoubtedly has pictures of the weapons. And, given their admission at Robert Samp's trial, the Samp family could hardly deny the existence or ownership of the firearms at a future proceeding. The Government's assertion that continued physical possession of the firearms is necessary to a perjury investigation lacks merit.

**III.**

---

Government has no ownership interest in them. As the rightful owner of the firearms the Samp family will bear the legal consequences of their possession (or transfer) of the firearms.

Accordingly, it is **ORDERED** that Defendant Samp's motion for return of property, ECF No. 1, is **GRANTED in part.**

It is further **ORDERED** that the Government is **DIRECTED** to return the firearms seized to the Samp family or to their appointed agent.

It is further **ORDERED** that Samp's motion for return of property is **DENIED without prejudice** to the extent it seeks return of seized cash.

Dated: July 12, 2017    s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 12, 2017.

s/Kelly Winslow
KELLY WINSLOW, Case Manager